CANADY, J.,
concurring in part and dissenting in part.
I concur with the rule changes adopted by the majority, except that I would not adopt the amendments to rule 5.696, which contain reporting requirements that go beyond those contained in section 744.3678, Florida Statutes, the governing substantive law.
APPENDIX
RULE 5.040. NOTICE
(a) Formal Notice.
(l)-(3) [No Change]
(4) Service of formal notice pursuant to subdivision (a)(3)(A) shall be complete on receipt of the notice. Proof of service shall be by verified statement of the person giving the notice; and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee’s agent,
(5) [No Change]
(b)-(d) [No Change]
(e) In the Manner Provided for Service of Formal Notice. If a document is served in the manner provided for service of formal notice, service is completed on receipt of the document, and proof of service shall be in the manner set forth in subdivision (a)(4).
Committee Notes
[No Change]
Rule History
1975-2012 Revisions: [No Change]
2016 Revision: Subdivision (e) created to specify when service in the manner provided for - service of formal notice is completed. Committee notes revised.
Statutory References
[No Change]
Rule References
[No Change]
RULE 5.041. SERVICE OF PLEADINGS AND DOCUMENTS
[No Change]
Committee Notes
Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papersdocuments in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paperdocument served or filed in the administration of a guardianship or decedent’s estate.
Rule History
1984-2012 Revisions: [No Change]
2016 Revision: Committee notes revised.
*838 Statutory References
ch. 39, Fla. Stat. Proceedings relating to children.
ch. 48, Fla. Stat. Process and service of process.
ch. 61, Fla. Stat. Dissolution of marriage; support; time-sharing.
ch. 63, Fla. Stat. Adoption.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.705(2), (4), Fla. Stat. Payment of and objection to claims.
ch. 743, Fla. Stat. Disability of nonage of minors removed.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla. Stat. Petition for authorization to act.
ch. 751, Fla. Stat. Temporary custody of minor children by extended family.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.040 Notice.
Flá. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.340(d) Inventory.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Civ. P. 1.080 Service of pleadings and papersdocuments.
Fla. R. Jud. Admin. 2.505 Attorneys.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.042. TIME
(a) [No Change]
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder, for cause shown the court at any time in its discretion
(1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous orders or
(2) on motion made and notice, after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect. The court under this rule may not extend the time for serving a motion- for rehearing or te-enlarge any period of time governed by the Florida Rules of Appellate Procedure.
*839 (c) [No Change]
(d) Additional Time after Service by Mail or E-mail. Except when serving formal notice, or when-serving a motion» pleading, -or other document4n-the-manner provided -fer-serviee-of formal notice, Florida Rule of Judicial Administration 2,514 (b) shall apply to the computation of time following service, except for' documents served by formal notice or in the manner provided for service of formal notice.
Committee Notes
[No Change]
Rule History
1984-2012 Revisions: [No Change]
2016 Revision: Subdivision (d) revised to clarify that Florida Rule of Judicial Administration 2.514(b) does not apply if a document is served by formal notice or in the manner provided for service of formal notice. Committee notes revised.
Statutory References
[No Change]
Rule References
[No Change]
RULE 5.080. DISCOVERY, ANB-SUBPOENA, AND TAKING TESTIMONY
(a) Adoption of Civil Rules. The following Florida Rules of Civil Procedure shall apply in all probate and guardianship proceedings:
(1) — (14) [No Change]
(15) Rule 1.451, taking testimony.
(b)-(c) [No Change]
Committee Notes
[No Change]
Rule History
1975-2007 Revisions: [No Change]
2016 Revision: Florida Rule of Civil Procedure 1.451 has been added to-subdivision (a). Committee notes revised. .
Statutory References
[No Change]
Rule References
[No Change]
RULE 5.845. ACCOUNTINGS OTHER THAN PERSONAL REPRESENTATIVES’ FINAL AC-COUNTINGS
(a)-(e) [No Change]
(f) Substantiating PapersDocuments. On reasonable written request, the fiduciary shall permit an interested person to examine papersdocuments substantiating items in any accounting to which this rule applies.
(g)-(h) [No Change]
Committee Notes
[No Change]
Rule History
1977-2005 Revisions: [No Change]
2016 Revision: Subdivision (f) revised to substitute “documents” for “papers.”
Statutory References
[No Change]
Rule References
[No Change]
RULE 5.346. FIDUCIARY ACCOUNTING
(a) Contents. A fiduciary accounting, other than a guardian accounting, shall include:
(1) all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration, and
*840 ■ (2) a schedule of assets at the end of the accounting period.
(b)~(d) [No Change]
Committee Notes
[No Change]
Rule History
1988-2010 Revisions: [No Change]
2016 Revision: Subdivision (a) amended to clarify that this rule does not apply to guardian accounting. Committee notes revised.
Statutory References
[No Change]
Rule References
[No Change]
*841 [[Image here]]
*842 [[Image here]]
*843 [[Image here]]
*844 [[Image here]]
*845 [[Image here]]
*846 [[Image here]]
*847 [[Image here]]
*848 [[Image here]]
*849 [[Image here]]
[No Change]
RULE 5.550. PETITION TO DETERMINE INCAPACITY
(a) Contents. The petition to determine incapacity shall be verified by the petitioner and shall state:
(1) — (5) [No Change]
(6) whether plenary or limited guardianship is sought for the alleged incapacitated person;-and
(7) the names, relationships, and addresses of the next of kin of the alleged incapacitated person, specifying tine year of birth of any who are minors, to the extent known by the petitionetYLand
(8) whether there are possible alternatives to guardianship known to the petitioner, including, but not limited to. trust agreements, powers of attorney. surrogates, or advance directives.
(b)-(d) INo Change]
Committee Notes
Rule History
1980-2014 Revisions: [No Change]
2016 Revision: Subdivision (a¥8~) added to require the disclosure of whether there are possible alternatives to guardianship known to the petitioner. Committee notes revised.
Statutory References
¾ 744,3115. Fla. Stat. Advance directives for health care.
§ 744.3201, Fla, Stat, Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
*850 § 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441(11), Fla. Stat. Powers of guardian upon court approval.
§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship. § 765.102, Fla. Stat. Legislative intent and findings.
Rule References
[No Change]
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON
(a) Contents. The petition shall be verified by the petitioner and shall state:
(l)-(8) [No Change]
(9) whether there are possible alternatives to guardianship known to the petitioner-that-may sufficiently address the-problems ofthe-alieged incapacitated person-m-whol&-or in-part, including, but not limited to. trust agreements, powers of attorney, surrogates, or advance directives: and
(10) [No Change]
(b)-(c) [No Change]
Committee Notes
Rule History
1975-2014 Revisions: [No Change]
2016 Revision: Subdivision (a)(9) revised to require the disclosure of whether there are possible alternatives to guardianship known to the petitioner. Committee notes revised.
Statutory References
§ 744.1083, Fla. Stat. Professional guardian registration.
§ 744.309, Fla Stat. Who may be appointed guardian of a resident ward.
g 744.3115. Fla.. Stat. Advance directives for health care.
*851 § 744.312, Fla. Stat. Considerations in appointment of guardian.
§ 744.3201. Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
§ 744.3371(1), Fla. Stat Notice of petition for appointment of guardian and hearing.
§ 744.341, Fla. Stat. Voluntary guardianship.
§ 744,344, Fla. Stat. Order of appointment.
§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.
§ 744,703, Fla. Stat. Office of public guardian; appointment, notification.
§ 765.102. Fla. Stat. Legislative intent and findings.
Rule References
[No Change]
RULE 5.620. INVENTORY
(a)-(b) [No Change]
(c) Substantiating PanersDocuments. Unless ordered by the court, the guardian need not file the papersdocuments substantiating the inventory. Upon reasonable written request, the guardian of the property shall make the substantiating papcrsdocuments available for examination to those persons entitled to receive or inspect the inventory.
(d) - (e) [No Change]
Committee Notes
Rule History
1977-2012 Revisions: [No Change]
2016 Revision: Subdivision (cl revised to substitute “documents” for “papers.”
Statutory References
[No Change]
*852 Rule References
[No Change]
RULE 5.690. INITIAL GUARDIANSHIP REPORT
(a) - (b) [No Change]
Committee Notes
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a paperdocument must be filed with Hie court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment, Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.
In the event the guardian of the property and the guardian of the person are not the same entity or person, they shall malee a good faith effort to jointly file the initial guardianship report.
Rule History
1991-2012 Revisions: [No Change]
2016 Revision: Committee notes revised.
Statutory References
[No Change]
Rule References
[No Change]
RULE 5.696. ACCOUNTING
*853 (a) Contents and Fifing — Tire guardian of the property must file an annual accounting as required-by law. The annual accounting-must include: '•
—a fall and eeffeet-aecountof the receipts and disbursements of all of the ward’s property over-whieh-the guardian has eenfr-el-and-a-stalement of the ward’s property on hand at the end ofthe-accounting-period; and
(3) — a cop}' of the-statements-of-all the ward-⅛-cash-accounts as of the end of ⅜⅛-aecounting period-frorn each institution wher-edhe-eash-is deposíted.-Applicabilitv. This rule applies to all guardian accountings required under Chanter 744, Florida Statutes, other than a simplified accounting permitted under section 744.3679, Florida Statutes.
(bl Contents. A guardian accounting shall include:
111 a statement of the starting balance of assets on hand at the beginning of the accounting period which shall be the ending balance of the preceding accounting, or if none, the value of assets on the inventory:
121 a full and correct account of the receipts and disbursements of all of the ward’s property over which the guardian has control since the date of the last accounting or. if none, from the date of issuance of letters of guardianship:
131 a schedule ofassets at the end of tire accounting period: and
141 in tire case of annual accountings, a copy of the annual or vear-end statement of all of the ward’s cash accounts from each of the institutions where the cash is deposited.
let Accounting Standards. The following standards are required for the accounting of all transactions occurring on or after January 1.2017:
('ll Accountings shall be stated in a manner that is understandable to persons who are not familiar with practices and-terminology peculiar to the administration of guardianships.
121 The accounting shall begin with a concise summary of its purpose and content.
*854 Í3) The accounting shall contain sufficient information disclosing all significant transactions affecting administration during the accounting period.
(41 The accounting shall contain 2 values in the schedule of assets at the end of the accounting period, the asset acquisition value or carrying value. and estimated current value.
(5) Gains and losses incurred during the accounting period shall be shown separately in the same schedule.
<tD Accounting Format. A model format for an accounting is attached to this rule as Appendix A.
tel Verification. All accountings shall be verified by the guardian filing the accounting.
fb)£f) Substantiating Documents. Unless otherwise ordered by the court, the guardian need not file the documents substantiating the annual-guardian accounting. Upon reasonable written request, the guardian of the property shall make the substantiating documents available for examination to persons entitled to receive or inspect the annual guardian accounting.
(e)£g) Interim Inspection of Records. Upon reasonable written request and notice, the guardian of the property shall make all material financial records pertaining to the guardianship available for inspections to those persons entitled to receive or inspect the annualguardian accounting.
Committee Notes
The purpose of this substantial revision is for guardian accountings to conform to rule 5.346 and the Fiduciary Accounting Principles and Model Fonnats and commentaries incorporated into rule 5.346. As set forth in subdivision (bVl l the starting balance shall be the ending balance of the preceding accounting, or if none, the value of assets on the inventory.
Attached, as Appendix A. is a model accounting format which is only a suggested form.
Rule History
1991-2013 Revisions: [No Change]
*855 2016 Revision: Substantial rule revision. Committee notes revised. Appendix A adopted.
Statutory References
[No Change]
Rule References
Fla. Prob. R. 5.020 Pleadings; verifications; motions.
Fla. Prob. R. 5.041 Seivice of pleadings and documents.
Fla. Prob. R. .5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.346 Fiduciary Accounting.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.695 Annual guardianship report.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. R. Jud. Admin. 2,516 Service of pleadings and documents.
*856 [[Image here]]
*857 [[Image here]]
*858 [[Image here]]
*859 [[Image here]]
*860 [[Image here]]
*861 [[Image here]]
*862 [[Image here]]
*863 [[Image here]]
*864 APPENDIX B
GUARDIAN ACCOUNTING PRINCIPLES
I. ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF GUARDIANSHIPS.
Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with guardian accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood bv a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.
Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to foraet that terms which are familiar and useful to them mav convey nothing to someone else or mav even be affirmatively misleading. For example, the terms “debit” and “credit” are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of guardian accounting, the receipt of an item is a “credit” to the fund rather than a “debit” to the guardian.
While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.
Print-outs from electronic accounting systems or account statements can be used as attachments to the schedules in the accounting form or to clarify the accounting. The quality of the accounts produced bv these systems and account statements varies widely in the extent to which they can be understood bv persons who are not familiar with them,
11 A GUARDIAN ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.
Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.
The cover page should disclose the nature and function of the account. While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical tor inclusion at this point, there should be at least a brief *865 statement identifying the guardian and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.
A summary of the account shall also he presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period: transactions during the period: and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.
m A GUARDIAN ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.
Commentary: The presentation of the information account shall allow an interested party to follow the progress of the guardian’s administration of assets during the accounting period.
An account is not complete if it does nqt itemize, or make reference to. assets on hand at the beginning of the accounting period. .
Illustration:
3,1The first account for a guardianship mav detail the items received by the guardian and for which the guardian is responsible. It must begin with the total amount on the inventory.
Transactions shall be described in sufficient detail to give the court and interested parties notice of their purpose and effect. It should be recognized that too much detail mav be counterproductive to making the account understandable. In accounts dealing with extensive assets, it is usually desirable to consolidate information with attachments that show detail. For instance, where income from a number of securities is being accounted for, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.
Illustrations:
3.2 Extraordinary appraisal costs should be shown separately and explained
3.3 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.
3.4 Receipts.and disbursements shall be shown on separate schedules in chronological order. The separate schedules mav include totals bv account, with separate ledgers for each account, such as securities or financial accounts.
*866 3.5 Changes in asset values due to market fluctuations are not transactions and shall not be reflected as a loss or gain, but the estimated current value and carrying value shall be shown on the schedule listing assets held at the end of the accounting period.
IV. A GUARDIAN ACCOUNT SHALL CONTAIN TWO VALUES. THE ASSET ACQUISITION VALUE OR CARRYING VALUE. AND CURRENT VALUE.
Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.
The carrying value of an asset should reflect its value at the time it is acquired bv the guardian. When such a value is not precisely determinable, the figure used should reflect a thoughtful decision bv the guardian. Assets received in kind should be carried at their value at the time of receipt. For assets purchased during the administration of the guardianship. acquisition cost would normally be used. Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition.
In the Model Account carrying value is referred to as “guardian acquisition value.” The Model Account establishes the initial carrying value of assets as their value at inception of the guardianship for inventoried assets, date of receipt for subsequent receipts, and cost for investments.
Carrying value would not normally be adjusted for depreciation.
Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily “written up” or “written down.” In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.
Illustrations:
4.1Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.
Illustrations:
4.2 When an asset is held under circumstances that make it clear that it will not be sold (e.g.. a residence used bv the wardl the guardian’s estimate of value would be acceptable in lieu of an appraisal.
4.3 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the guardian’s estimate of value. In such circumstances, a statement that value was fixed bv some method such as “per company books.” “formula under buv-sell agreement.” or “300% of assessed value” would be acceptable, but the guardian would be expected to provide further information to interested parties upon request.
V. GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.
*867 Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.
Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and - will tend to clarify relationships between gains and losses that are deliberately realized at the same time.
Increases and decreases in value not related to a sale or other disposition are unrealized gains or losses arid should not be shown as such on this schedule.